UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOI ELISABETH HEBRON | § | |
|     PLAINTIFF | § | |
| | § | |
| | § | |
| vs. | § | CIVIL NO.: <u>25-CV-00800</u> |
| | § | |
| | § | |
| CITY OF SAN ANTONIO | § | |

<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

NOW COMES, Joi Elisabeth Hebron (hereinafter referred to as "Ms. Hebron") complaining of the City of San Antonio, Texas (hereinafter referred to as Defendant) and for cause of action would respectfully show unto this Honorable Court the following:

I.
Parties and Service

1.    Plaintiff, Joi Elisabeth Hebron, is a citizen of the United States, and resides is in Bexar County, Texas.

2.    Defendant, City of San Antonio, may be served by mailing a copy of this complaint and a summons by certified mail to the following:

        a.    City of San Antonio, Attorney's Office, 506 Dolorosa, San Antonio, Texas, 78204.

II.
Nature of the Case and Jurisdiction

3.    This civil action arises under the United States Constitution, with specific regard to the Due Process Clause and the Fourth Amendment to the Constitution of the United States, and under Federal Law, the Civil Rights Act, under 42 U.S.C. §1983 of the United States Code.

Plaintiff, seeks damages against Defendants for committing acts, under color of law, with the intent and purpose of depriving Plaintiff of rights secured under the Constitution of and Laws of the United States of America.  This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§1331 and 1343.

III.
CONDITIONS PRECEDENT

4.    On February 26, 2025, Plaintiff forwarded Notice of Representation and Demand Letter  to Defendants.  This was accomplished prior to the expiration of any statute of limitations period.  The City of City of San Antonio upon whom the demand was made, has failed to reply to Plaintiff's claims.  See Exhibit A.

IV.
Venue

5.    Venue is proper in this district under 28 U.S.C. §1391(b) as the acts, events or omissions giving rise to this claim occurred in Bexar County, Texas, which falls within the purview of the United States District Court for the Western District of Texas.

V.
Factual Background

6.    Joi Elisabeth Hebron is a black female servicing the United States Air Force when on July 15, 2024, Officer Garcia, Officer Rodriguez and Officer Dech, of the San Antonio Police Department,  stopped and seized the body of Ms. Hebron, while she was driving her pickup truck. Ms. Hebron is the owner of a 2016, Lariat, Ford F-150 pickup truck, with California license plates. Ms. Hebron resides in the Tribute located at 5810 Worth Parkway, San Antonio, Texas 78257.

7.    When Ms. Hebron entered her 2016, Lariat, Ford F-150 pickup truck she was wearing her United Air Force PT uniform.  After entering her truck Ms. Hebron proceed drive out of the Tribute apartments.  At some point Ms. Hebron came to and stopped at the La Cantera

2

Parkway intersection, across from Target.  Before entering the La Cantera interaction Ms. Hebron made sure she had the right of way because the traffic signals were blinking red.  As Ms. Hebron looked around she notice a stationary City of San Antonio Police cruiser to her left.  After making sure she had the right of way, Ms. Hebron entered the La Cantera intersection and turned right.  As Ms. Hebron starting driving on the La Cantera Parkway, she was not aware that City of San Antonio police cruiser had started following her.  After a few minutes she came stop on IH-10 frontage road, and that is when she noticed the police cruiser was following her.  Ms. Hebron entered the IH-10 frontage road and drive onto IH-10 freeway the police cruiser continued to follow her.  Ms. Hebron became concerned when she notice there were three police cruisers following her on IH-10 freeway.  Ms. Hebron was shocked to see the emergency lights of the police cruisers behind her came on.

8.    Upon see the emergency lights of the police cruisers Ms. Hebron immediately pulled over, put on her emergency flashers, stopped her car, and sat there.  After Ms. Hebron stopped she was ordered to exit her truck at gun point by Officers Garcia, Rodriguez and Duch. As Ms. Hebron existed her truck as instructed at gun point in her PT Uniform, which identified her as an active duty member of the United States Air Force.    Ms. Hebron followed all of the orders of Officers Rodriguez and Dech while at gun point, before being placed in handcuffs.  At the time of the incident, Ms. Hebron was not engaged in any criminal activity or requiring the intervention of officers of San Antonio Police Department or any local, state, or federal law enforcement agency.  On July 15, 2024, Ms. Hebron was simply driving her registered truck, which was registered in California, for PT.

9.      During and after the stop Ms. Hebron, asked the Officers Garcia, Rodriguez and Duch why they had stopped her.  Both Officers Garcia, Rodriguez and Duch failed to provide Ms. Hebron with the reason for stopping her.  Ms. Hebron during the interaction continued to request the reason they had stopped her and were holding her at gun point in the middle of a busy throughfare.  Both Officers refused and failed to provide any reason or justification for stopping Ms. Hebron.  Instead, the Officers explaining why they had stopped her, the Officers handcuffed and detained her.  After being handcuffed Officer Rodriguez told Ms. Hebron that her tags came back dirty, when Ms. Hebron asked again why she was begin stopped.

10.     Ms. Hebron was placed in the back Officer Rodriguez's cruiser.  Upon being placed in Officers Rodriguez's cruiser, Ms. Hebron was asked a series of questions regarding her ownership the F-150, if there were any weapons in her truck, and if there was anyone in her truck?  Ms. Hebron stated the F-150 belonged her, she did not have any weapons, and there was one else in her truck.  While Ms. Hebron was answer Officer Rodriguez's questions, the other two officers searched her truck.  Officer Rodriguez then closed the door of the cruiser and entered the cab of the cruiser.  Once in the cab Officer Rodriguez, and Ms. Hebron notices him typing something into the police computer.  Then Ms. Hebron notices Officer Rodriguez exiting the cruiser and being approached by Officer Dech, and both were looking at Officer Dech's handheld computer.  After looking at Officer Dech's handheld computer, Officer Rodirguez get back into his cruiser and get back on his computer.  Officer Rodriguez then exits her cruiser and looks at Officer's Dech's handheld computer again.

11.     Officer Rodriguez then opens the door and asks Ms. Hebron the proper spelling of her name and how long has she had her truck?  After answering Office Rodriguez's questions, Officer Rodriguez closed the cruiser door, and started talking to Officer Dech.  Officer Rodriguez

4

opened the cruiser door and stated, "We saw your uniform hanging in the back." Officer Rodriguez opens the cruiser door and released Ms. Hebron from the handcuffs. Upon being released Ms. Hebron was still in fear for her life, she walked to the back of her truck and started to cry. Officer Rodriguez walked up the Ms. Hebron and asked to move to the other side of her truck because where Ms. Hebron was standing, was the dangerous side. Ms. Hebron said to Officer Rodriguez, "I though I was going to be shot because of the color of my skin, I am a believer." Officer Rodriguez asked Ms. Hebron if he could call anyone for her. Ms. Hebron answered, "no I am going to call the appropriate people." Mrs. Hebron was not provided with a proper explanation as to why she was stopped at gun point and detained on July 15, 2024.

12.     During the incident Ms. Hebron was shaking from the emotional trauma she had endured, which should have been apparent to the three male Officers, who ignored signs of her traumatic physical reaction to what was occurring. Ms. Hebron initially attempted to proceeded to her duty station on post, but due to the traumatic incident, she was overwhelmed with extreme emotional feeling that disabled her to physically execute the duties. Because of the extreme psychological distress Ms. Hebron experienced she decided to immediately go to the on-Post Emergency Room and seek emergency mental health treatment for the traumatic incident she had just endured. During the July 15, 2024, incident, Ms. Hebron was extremely fearful for her life and terrified that she would be shot and/or killed by Officers Garcia, Rodriguez, and Dech, of the San Antonio Police.

13.     Since the July 15, 2024, incident, Ms. Hebron suffers from chronic headaches, sleeping problems, stiff muscles, sudden unexplained bouts of nausea and vomiting, feeling her mind is slow and foggy, and at times disorientated. After the July 15, 2024, traumatic incident, Ms. Hebron is in constant fear of police officers and she is in constant fear that she will be stopped

and once again held at gun point for no reason, and possibly being shot.  After the July 15, 2024, incident Mrs. Hebron has problems concentrating and sometimes when she reflects upon the traumatic events intentionally or unintentionally she experiences extreme bouts of depression that impacts and affect her ability to go to work, stay at work, or preform her job duties in service of the United States Air Force.  For example, Mrs. Hebron because of the July 15, 2024 traumatic incident has been placed on leave and has been reassigned job duties to address her inability to perform her previous job duties due to her psychological condition.  Finally, Ms. Hebron is unable to sleep because of the night terrors she has about being terrified on July 15, 2024 without reason.

14.    Ms. Hebron's mother, whom I and Mr. Richard Breque interviewed has expressed her concern that Ms. Hebron is not the same person whom she knew before July 15, 2024.  Before July 15, 2024, Ms. Hebron's mother described Ms. Hebron as being a very social and outgoing person.  After July 15, 2024, Ms. Hebron's mother describe her as being antisocial person, apprehensive, wanting to stay in the house, fear of the police, and existing unusual sleep habits.  Ms. Hebron after July 15, 2024 has expressed an extreme fear of police officers to her mother and does everything within her power to avoid them.

VI.
Use of Excessive Force

15.    Plaintiff hereby re-alleges and incorporates by reference paragraphs six through fourteen supra.

16.    Complainant pleads that on July 15, 2024, police officers of the City of San Antonio used excessive force to illegal seize the body of Ms. Hebron, a black female / free citizen of the United States because of her race, in violation of the Fourth Amendment and its "reasonableness" standard.  At all times material, Plaintiff was not engaged in any criminal activity thus Defendant's Officers had a duty under the Fourteenth Amended of the Constitution of the United States to

refrain from the use of excessive force in stopping Plaintiff, holding her at gun point, and investigating Plaintiffs for any crime which they suspected Plaintiff may have committed before seizing Plaintiff's body.

17.    Plaintiff asserts that she was unlawfully detained and seized by Defendant's Officers by holding her at gun point then handcuffing her.  Defendant's Officers said actions constituted a use of force that was clearly excessive as to the circumstances that existed on July 15, 2024, and the use of said force was objectively unreasonable.  After wrongfully holding Plaintiff at gun point and seizing her body, Plaintiff was physically injured from being handcuffed as well as, severely and permanently emotionally injured.

18.    Defendant's Officers seizure of Plaintiff's body was in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the constitution of the United States to be free from excessive use of force and to be free from reckless indifference to her when she posed no danger to Defendant's Officers.

19.    Plaintiffs asserts that the actions of Defendant's Officers on July 15, 2024 clearly displays that Defendant failed to adequately train its Officers in how to execute it's a traffic stop, arrest, and detention procedures, as to insure that they did not violate the rights of a citizen to be free from the excessive use of the force under the Fourth and Fourteenth Amendments to the Constitution of the United States, and failed to adequately supervise Defendant Offices in order to insure that Defendants Offices did not violate the rights of a citizen to be free from excessive force.

20.    As a direct and proximate result of one or more of the said wrongful acts or omissions to act of Defendant's Officers, Plaintiff suffered physical injury, as well as severe and permanent emotional injury to her person, and suffers pain, mental anguish, humiliation, and other diverse injures.

21.     Plaintiff demands judgment against Defendant, for the wrongful violations of Plaintiff's rights to be free from excessive use of the force under the Fourth and Fourteenth Amendment to the Constitution of the United States, for actual or compensatory damages, punitive damages in the amount sufficient to deter or prevent wrongful conduct in the future, plus attorney's fees and cost as provided pursuant to 42 U.S.C.A. §1988.

VII.

Monetary Claim Against Defendant, City of San Antonio

22.     Plaintiff hereby re-alleges and incorporates by reference paragraphs six through fourteen supra.

23.     Defendant, City of San Antonio, Texas a municipal corporation which operates, administers, maintains and controls the City of San Antonio Police Department as one of tis executive branches.  The Defendant, City, has established policies and procedure for its Police Department regarding the use of force, and seizure of the person's body.

24     In establishing these procedures, Defendant had a duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to reframe from enforcing or continuing to effect policies and procedure that create a substantial likelihood that prisoners or detainees would be subjected to the use of excessive force by Defendant's Officers, or policies and procedures which created substantial likelihood that a person would suffer serious emotional distress from seizure of a person body at gun point when there is no danger to the Officers, or with reckless indifference by the agents, servants and employees employed by Defendant Officers.

25.     Notwithstanding its mentioned duties Defendant is guilty of one or more of the following wrongful acts or omission in violation of Plaintiff's Constitutional rights, in that it:

       a.     Allowed policies and procedures to continue in force and effect which resulted in the use of outrageous and excessive force against Plaintiff;

b.      Had a custom and practice of failing to independently and adequately investigate complaints of excessive force;

c.      had a custom and practice of failing to effectively discipline or retrain police officers who wrongfully utilized excessive force;

d.      failed to establish appropriate policies and procedures to address and correct repeated use of excessive force by police officers in routine stops; and

e.      Allowed and continuance in force and effect of policies and procedures which failed to protect detainees who had sustained physical injury from the reckless indifference of the Defendant's agents, servants and employees of Defendant.

26.    As a direct and proximate result of one or more of the foregoing wrongful acts or omissions of act of Defendant, the Plaintiff sustained a violation of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, physical injury as well as, sever and permanent emotional injury to her person, pain and suffering, disability, mental anguish, humiliation, and other diverse injures.

27.    Plaintiff demands judgment against Defendant or compensatory damages, attorney's fees and cost as provided pursuant to 42 U.S.C.A §1988.

VIII.
Claims for Gross Negligence or Willful and Wanton Misconduct

28.    Plaintiff hereby re-alleges and incorporates by reference paragraphs six through fourteen supra.

29.    On July 15, 2024, Defendant's Officers had a duty to refrain from causing injury to Plaintiff through gross negligence or willful and wanton misconduct.

30.    Defendant's Officers on July 15, 2024 were in breach of their duty to refrain from causing injury to Plaintiff, through their gross negligence or willful and wanton misconduct, while acting as agents, servants, and employees of Defendant, and thus are guilty of one or more of the following, gross negligence and/or willful and wanton acts or omission to act, in:

      a.    Willfully and wontly or with gross negligence when Defendant's Officers held Plaintiff at gun point, handcuffed her, and seized her body when they should have known, that such conduct poses unreasonable risk of causing serious injury or psychological injury to Plaintiff;

      b.    When they willfully and wontly or with gross negligence held Plaintiff at gun point without cause or provocation, although Defendant's Officers knew, or should have known, that they were using excessive force which might cause serious injury to Plaintiff; and

      c.    When they willfully and wontly or with gross negligence or recklessly placed Plaintiff extreme fear when Defendant's Officers knew of should have known, that such conduct posed an unreasonable risk of her incurring extreme psychological injury to Plaintiff.

31.    As a direct and proximate result of one or more of Defendant's Officers wrongful acts or omission of act, Plaintiff sustained severe and permanent physical and emotional injury to Plaintiff's person causing her pain, suffering, disability, mental anguish, humiliation and other diverse injuries.

32.    Plaintiff demands judgment against Defendant for compensatory damages, punitive damages against Defendants, and each of them, in the amount sufficient to deter the described wrongful conduct in the future, and Plaintiff's cost if suit.

IX.
Claims for Gross Negligence or Willful and Wanton Misconduct

33.    Plaintiff hereby re-alleges and incorporates by reference paragraph six through fourteen supra.

34.    On July 15, 2024, Defendant's Officers had a duty to refrain from causing injury to Plaintiff through gross negligence or willful and wanton misconduct.

35.    In breach of Defendant's Officers duty to refrain from causing injury to Plaintiff, through their gross negligence or willful and wanton misconduct, Defendant's Officers are guilty of one or more of the following grossly negligent and/or willful and wanton acts or omission to act, in relation to duties to Defendant's Officers conduct:

a.    When they willfully and wontly or with gross negligence held Plaintiff at gun point without cause or provocation, although Defendant's Officers knew, or should have known, that such conduct poses unreasonable risk of causing serious physical and psychological injury to Plaintiff;

b.    When they willfully and wontly or with gross negligence held Plaintiff at gun point without cause or provocation, although Defendant's Officers knew, or should have known, that they were using excessive force which might cause serious injury to Plaintiff; and

c.    When they willfully and wontly or with gross negligence or recklessly placed Plaintiff extreme fear when Defendant's Officers knew of should have known, that such conduct posed an unreasonable risk of her incurring extreme psychological injury to Plaintiff.

36.    As a direct and proximate result of one or more of Defendant's Officers wrongful acts or omission of acts, Plaintiff sustained severe and permanent psychological injury to Plaintiff's person, including physical pain, suffering, disability, loss of income, mental anguish, humiliation and other diverse injuries.

37.    Plaintiff demands judgment against Defendants for compensatory damages, punitive damages against Defendant, and each of them, in the amount sufficient to deter the described wrongful conduct in the future, and Plaintiff's cost if suit.

X.
§1983 – Unreasonable Seizure/False Arrest/False Imprisonment

38.    Plaintiff hereby re-alleges and incorporates by reference paragraphs six through fourteen supra.

39.    On July 15, 2024 Plaintiff was unlawfully arrested by Defendant's Officers without probable cause to believe he committed a crime.  The Fourth Amendment prohibits the Defendant's Officers from carrying out unreasonable seizures, here the seizure of Plaintiff's body. An arrest is a "seizure" under the Fourth Amendment.  Pursuant to the Fourth Amendment Defendant's Officers may arrest Plaintiff only when they had probable cause to believe that Plaintiff had engaged in criminal conduct.

40.    As a direct and proximate result of one or more of Defendant's Officers wrongful acts or omissions, Plaintiff sustained severe and permanent injury to Plaintiff's person, pain, suffering, disability, loss of income, mental anguish, humiliation and other diverse injuries.

41.    Plaintiff demands judgment against Defendants and each of them for compensatory damages, punitive damages against Defendants, and each of them, in the amount sufficient to deter the described wrongful conduct in the future, and Plaintiff's cost if suit.

XI.
§1983 – Qualified Immunity

42.    Plaintiff hereby re-alleges and incorporates by reference paragraphs six through fourteen supra.

43.    Defendant's Officers were carrying out a governmental function in effectuating the wrongful dentition and arrest of Plaintiff and employing excessive use of force.  Government actors can be entitled to qualified immunity to their individual liability, but this immunity is waived if the complainant show that:

      a.      the individual's act deprived the party of constitutional rights under color of law

      b.      the deprived rights were clearly established and constitutional rights which existed at the time of the acts;

      c.      Defendant's Officers initiated and arrested Plaintiff solely because of her race, and for no other reason; and

      d.      such acts were not objectively reasonable under the circumstances, that is, no reasonable official could have believed at the time that the conduct was lawful.

44.     In *Kinney v. Weaver*, the Fifth Circuit explained the "clearly established" prong as follows:

> Qualified immunity should not be denied unless the law is clear in the more particularized sense that reasonable officials should be "on notice that their conduct is unlawful." *Saucier v Katz*, 533 U.S. 194, 206 (2001). The central concept is that of "fair warning": The law can clearly be established "despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights. *See Hope*, 536 U.S. at 740 (internal quotation marks omitted).

45.     Here, Plaintiff posed no threat to Defendant's Officers. Plaintiffs was merely driving on to a United States Airforce base to start her active duty tour. Defendant's Officers took exception to the fact that Plaintiff was driving an expensive truck with out of state license and ignored her United States Air Force duty attire.

46.     Plaintiff when seeking an explanation from Defendant's Officers why she was being stopped, ordered to exit her truck, and handcuffed, was denied an explanation as to why she was stopped. Said actions constituted a use of force that was clearly excessive and unreasonable under clearly established law based on the individual circumstances of this case.

47.     The acts of Defendant's Officers clearly violated established statutory or constitutional rights of Plaintiff which a reasonable person would have known, including Plaintiff's constitutional rights afforded to her by the Due Process Clause, and Fourth Amendment of the United States Constitution.

XII.
Damages

48.     Plaintiff hereby re-alleges and incorporates by reference paragraphs six through fourteen supra, as well as paragraphs fifteen through forty-seven supra.

49.     The Plaintiff further alleges that as the direct consequence and result of the use of excessive force, reckless indifference to Plaintiff's serious physical needs, gross negligence or willful and wanton misconduct, and unreasonable seizure/false arrest/false imprisonment, by acts of Defendant's Officers and its agents, here in above complained of, Plaintiff has suffered serious and irreparable physical and mental injuries associated with emotional distress which include, loss of enjoyment of life, mental anguish in the past and future, reasonable medical care, not limited to any other awards to make Plaintiff whole, which include any award for inconvenience and expenses.  Plaintiff also sustained the following damages as a result of the actions and/or omissions of Defendants described reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff, as well as cost associated with the pursuit of this suit which include expert fees, and prejudgment and postjudgment interest.  In addition, Plaintiff's past and present loss of income due to his injuries.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Joi Elisabeth Hebron, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount

14

within the jurisdictional limits of the Court, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

      **WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Joi Elisabeth Hebron, respectfully requests that the Court issue an order declaring the actions of the Defendant's Officers to be null and void and without any legal effect.

      **WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Joi Elisabeth Hebron respectfully prays the Court grant the Plaintiff declaratory relief declaring that the acts alleged herein are unconstitutional and violate the Plaintiff's statutory, constitutional, and common law rights.

Respectfully submitted,

By: /s/ *Markes E. Kirkwood*

MARKES E. KIRKWOOD
ATTORNEY AT LAW
Texas Bar No. 24032509
LAW OFFICES OF MARKES E. KIRKWOOD P.L.L.C.
2600 McCullough Avenue
San Antonio, Texas 78212
Tel. (210) 532-1000 / (210) 572-7272
Fax. (210) 572-7575
E-mail Address: kirkwoodmarkes@yahoo.com
Attorney for Plaintiff: Joi Elisabeth Hebron

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**