IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOI ELISABETH HEBRON** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Civil Action No.: 5:25-CV-00800-JKP-HJB** |
| | § | |
| **CITY OF SAN ANTONIO** | § | |
| *Defendant* | § | |

### DEFENDANT CITY OF SAN ANTONIO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORALBE UNITED STATES DISTRICT COURT JUDGE JASON PULLIAM:

COMES NOW, City of San Antonio, Defendant (hereinafter referred to as "Defendant City") in the above styled and numbered cause and files this Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss claims asserted against it in Plaintiff's First Amended Complaint [Dkt. 24] and for cause would respectfully show as follows:

### I.     FACTUAL AND PROCEDURAL BACKGROUND

1.)     Plaintiff Joi Elisabeth Hebron filed this lawsuit following her brief interactions with SAPD Officers Garcia, Rodriguez and Dech.  On or about July 15, 2024, Plaintiff was driving a 2016 Lariat Ford F-150 truck with California license plates out of her Texas apartment residence located at 5810 Worth Parkway, San Antonio, Texas 78257.  *See* [Dkt. 24] Plaintiff's First Amended Complaint, pg. 3, ¶ 7. Plaintiff Hebron passed a stationary City of San Antonio Police cruiser to her left as she passed La Cantera Parkway.  *Id.* pg. 3, ¶ 8.  Initially, Plaintiff did not notice the police cruisers behind her with emergency flashers on when she entered IH-10 freeway.  *Id.* pg. 3, ¶ 10. Plaintiff then noticed three police cruisers with emergency lights.  *Id.*  Plaintiff pulled to the side of the highway. *Id.* pg. 4, ¶ 11.

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page **1** of **17**

2.) Plaintiff was ordered out of the truck, placed in handcuffs inside a cruiser as SAPD officers verified ownership of the truck. *Id.* pg. 4-5, ¶ 12-13. Plaintiff responded to a series of questions then released. *Id.* pg. 5, ¶ 14.

3.) Plaintiff alleges the officers refused to provide her with a reason for stopping her, but then stated her tags came back dirty. *Id.* pg. 4, ¶ 12. Plaintiff asserts the stop caused her emotional and physical trauma because she thought she was going to be shot. *Id.* pg. 5-6, ¶ 15-17.

4.) Defendant City was served on July 24, 2025. *See* [Dkt. 8] Defendant City brought an initial Motion to Dismiss, however Plaintiff requested an opportunity to amend her Complaint which was granted. Defendant City timely brings this Motion to Dismiss claims asserted in Plaintiff's First Amended Complaint.

## II.   PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT CITY

5.) Plaintiff Hebron alleges she endured excessive use of force because Defendant City failed to adequately train its Officers regarding racial profiling or how to execute a traffic stop, arrest, and detention procedures. *See* [Dkt.24 ] Plaintiff's First Amended Complaint, pg. 8, ¶22. Plaintiff also alleges the City failed to adequately supervise the officers to insure they did not racially profile Plaintiff to avoid violations of her Fourth and Fourteenth Amendments. *Id.*

6.) Plaintiff Hebron asserts the City had a duty under the Fourth and Fourteenth Amendments to "reframe from enforcing or continuing to effect policies and procedure that create a substantial likelihood that Plaintiff when detained would not be subjected to the use of excessive force by Defendant's Officers, through the policies and procedures which created substantial likelihood that she would suffer serious emotional distress from the seizure of her body at gun point that violate her constitutional right pursuant to the Fourth Amendment, Fourteenth Amendment, and 42 U.S.C. §1982, due to racial profiling…" *Id.* pg. 9, ¶27.

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page 2 of 17

7.)     Plaintiff claims Defendant Officer's actions were part of an informal or formal policy designed to racially profile Black citizens and create reckless indifference to the Fourth Amendment and Fourteenth Amendment constitutional rights for Plaintiff. *Id.* pg. 9, ¶28.  Further in her pleading, Plaintiff Hebron alleges the following Defendant City of San Antonio is guilty of one or more of the following wrongful acts or omission in violation of her Constitutional rights:

> (a)     Allowed policies and procedures to continue in force and effect which resulted in the use of racial profiling which resulted in the outrageous and excessive force against Plaintiff;
>
> (b)     Had a custom and practice of failing to independently and adequately investigate complaints of excessive force based on racial profiling;
>
> (c )    Had a custom and practice of failing to effectively discipline or retain police officers who wrongfully utilized racial profiling as an excuse to use excessive force against Black American's such as Plaintiff or other minorities;
>
> (d)     Failed to establish appropriate policies and procedures to address and correct repeated complaints it's Officers use racial profiling against minorities during traffic stops or encounters with Black Americans such as Plaintiff or other minorities; and
>
> (e)     Allowed and continuance of it's Officers to engage in racial profiling through its use of force policies and procedures in affect, which filed to protect Black American who had sustained physical and psychological injuries from the reckless indifference of the Defendant's agents, servants and employees who use racial profiling as a tool to violate rights of similarly situated black citizens such as Plaintiff.

*See* [Dkt.24] Plaintiff's' First Amended Complaint, pg. 10, ¶29(a)-(e).

8.)     Plaintiff Hebron alleges she sustained a violation of her rights under the Fourth Amendment, Fourteenth Amendment, and 42 U.S.C. §1982.

9.)     Defendant City hereby requests the Court to dismiss claims against it based on failure to state a plausible claim.

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page 3 of 17

### III.   ARGUMENTS AND AUTHORITIES

*__Motion to Dismiss 12(b) 6 Standard__*

10.)   This Court has authority to dismiss a suit for failure to state a claim when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." *See Ferguson v. Bank of New York Mellon Corp.,* 802 F.3d 777, 780 (5th Cir. 2015) *and Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken…" *See Walker v. Beaumont Indep. Sch. Dist.,* 938 F.3d 724, 735 (5th Cir. 2019).

11.)   Although the factual allegations need not be detailed, they must be "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The Complaint must contain either direct allegations on every material point necessary to sustain recovery…or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. *See Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995). "Factual allegations must be enough to raise a right to relief above the speculative level…"*Id.*

12.)   In other words, Plaintiff's allegations "must make relief plausible, not merely conceivable, when taken as true." *See United States ex rel. Grubbs v. Kanneganti,* 565 F.3d 180, 186 (5th Cir. 2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *See Twombly,* 550 U.S. at 555. The requisite facial plausibility of exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page 4 of 17

Court is not required to accept ultimate conclusions that do not flow from the factual description of the case. Conclusory allegations of law and inferences unsupported by facts in the complaint will not defeat a FRCP 12(b)6 motion. *See Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *See Iqbal,* 556 U.S. at 678 *quoting Twombly,* 550 U.S. at 557. Moreover, a dismissal is also proper if the complaint "lacks an allegation regarding a required element necessary to obtain relief. *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

13.) For reasons explained below, Plaintiff fails to state a claim upon which relief can be granted against Defendant City on her latest First Amended Complaint.

## *Municipal Liability Under 42 U.S.C. §1983*

14.) A municipality or other local government may be liable under §1983 if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected to such a deprivation. *See Monnell v. Dept of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). To establish municipal liability under §1983, a Plaintiff must prove three elements: (1) a policymaker; (2) promulgates a policy or custom; (3) that is the moving force behind a constitutional tort. *Id. and City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989) (stating that the first inquiry in any case alleging municipal liability under §1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation**)** *and Colle v. Brazos County,* 981 F.2d 237, 244 (5th Cir. 1993) (holding that only when the execution of a county's policies or its customs deprives an individual of constitutional or federal rights does liability under §1983 attach). The "moving force" inquiry imposes a causation standard higher than "but for" causation. *See Mason v. Lafayette City-Parish Consol. Government,* 806 F.3d 268 at 280 (5th Cir. 2015). Requiring

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page **5** of **17**

satisfaction of these elements is "necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *See Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001).

### ***Plaintiff Fails to Identify a Policy Maker Who Is Charged with Actual or Constructive Knowledge***

15.) Proof of liability under §1983 requires plaintiff to identify a specific policy maker possessing both policy-making authority and actual or constructive knowledge of an alleged policy, custom, or practice. *See Bennett v. City of Slidell,* 728 F.2d 762, 768 (5th Cir. 1984) In *Bennett,* the Court stated actual knowledge may be shown by discussions at council meetings or receipt of written information. *Id.* The Court in *Bennett* also provided the definition for "[C]onstructive knowledge may be attributed to the governing body on the ground that it would have known of the violations if it had properly exercised its responsibilities, as, for example, where the violations were so persistent and widespread that they were the subject of prolonged public discussion or of a high degree of publicity.

16.) Plaintiff fails to meet his burden because she does not identify a specific policymaker responsible for having actual or constructive knowledge of alleged misconduct of racial profiling. Plaintiff simply states, Defendant City has established polices and procedure for its Police Department regarding the use of force, and seizure of the person's body. *See* Plaintiff's First Amended Compliant, pg. 8, ¶26. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policymaking authority." *Johnson v. Deep East Tex. Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004); *Burge v. Parrish of Tammany*, 187 F.3d 452, 471 (5th Cir. 1999). Plaintiff's Complaint fails to meet the prong for municipal liability under §1983.

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page **6** of **17**

### *No Constitutional Deprivation Based on City Policy, Custom, or Practice*

17.)   Even if Plaintiff can overcome the required element of identifying a policymaker, Plaintiff has failed to plead facts to show there was an official policy, custom, or practice that was the moving force for violation of his constitutional rights.  Official policy is defined as "a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority.  *See Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984). Alternatively, an official policy may consist of "persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *See Brown v. Bryan County,* 219 F.3d 450, 457 (5th Cir. 2000).  In this suit, Plaintiff claims Defendant is guilty of one or more wrongful acts or omission in violation of her rights:

> (a)   Allowed policies and procedures to continue in force and effect which resulted in the use of racial profiling which resulted in the of outrageous and excessive force against Plaintiff;
>
> (b)   Had a custom and practice of failing to independently and adequately investigate complaints of excessive force based on racial profiling;
>
> (c )   Had a custom and practice of failing to effectively discipline or retain police officers who wrongfully utilized racial profiling as an excuse to use excessive force against Black American's such as Plaintiff or other minorities;
>
> (d)   Failed to establish appropriate policies and procedures to address and correct repeated complaints it's officers use racial profiling against minorities during traffic stops or encounters with Black Americans such as Plaintiff or other minorities; and
>
> (e)   Allowed and continuance it's officers to engage in racial profiling through its use of force policies and procedures in affect, which failed to protect Black American who had sustained physical and psychological injures from the reckless indifference of the Defendant's agents, servants and employees who use racial profiling a tool to violate the rights of similarly situated Black citizens such as Plaintiff.

*See* [Dkt.24] Plaintiff's' First Amended Complaint, pg. 10, ¶29 (a)-(e).

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page **7** of **17**

18.) Plaintiff also mentions the use of force policy in terms of inadequate supervision and training. *Id.* at pg. 8, ¶22. Specifically, she staters Defendant officers clearly displayed that Defendant failed to adequately train its officers regarding racial profiling or how to execute a traffic stop, arrest, and detention procedures or failed to adequately supervise its officers to ensure they did not racially profile. *Id.*

19.) However, actions of officers or employees of a municipality do not render the municipality liable under section 1983 unless they execute official policy as stated above. *See Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984). To proceed beyond the pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation…cannot be conclusory; it must contain specific facts." *See Spiller v. City of Texas City, Police Dept.,* 130 F.3d 162, 167 (5th Cir. 1997). For a municipal custom to be found as the "moving force" behind a constitutional deprivation, there first "must be a direct causal link between the municipal **policy** [or custom] and the constitutional deprivation." *See Piotrowski,* 237 F.3d at 580. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Plaintiff's claims against Defendant City should be dismissed for failure to state facts to support an allegation of constitutional deprivation by policy, custom, or practice. Plaintiff does not identify a policy that was the moving force of her constitutional rights and only relies on her single encounter with SAPD Officers on July 15, 2024.

20.) Allegations of an isolated incident are not sufficient to show the existence of a custom or policy. *See Fraire v. City of Arlington,* 957 F.2d 1268, 1278 (5th Cir. 1992). "[A] pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct and/or that serious incompetence or misbehavior was general or widespread

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page **8** of **17**

throughout the police force." *See McClendon v. City of Columbia,* 258 F.3d 432, 441 (5th Cir. 2001) *quoting Languirand v. Hayden,* 717 F.2d 220, 227 (5th Cir. 1983).

21.) Plaintiff does not allege facts to support a pattern of officers using outrageous or excessive force or racially profiling, she does not allege facts to support a pattern of failing to independently investigate complaints of racial profiling leading to excessive force, or a pattern of failing to effectively discipline police officers who wrongfully racially profile or utilize excessive force or a pattern of failing to protect detainees who had sustained physical injury from alleged reckless indifference. The Complaint is devoid of any patterns and simply relies on the one incident of July 15, 2024, which is insufficient for *Monell* liability. Accordingly, Plaintiff does not state a claim upon which relief can be granted against the City.

***Plaintiff's Failure to Train Claim Is Insufficient Because No Pattern of Similar Violations***

22.) "Plaintiff asserts that the actions of Defendant's Officers on July 15, 2024 clearly displays that Defendant failed to adequately train its Officers regarding racial profiling or how to execute a traffic stop, arrest, and detention procedures, as to insure that they did not violate the rights of Plaintiff so that she can be free from the racial profiling and excessive use of the force under the Fourth d Fourteenth Amendments to the Constitution of the United States." *See* [Dkt.24] Plaintiff's' First Amended Complaint, pg. 8, ¶22. Plaintiff asserts Defendant's failure to adequately train caused her injuries and severe emotional distress. *Id.* at ¶23.

23.) In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to a level of an official policy. *See Connick v. Thompson,* 131 S.Ct. 1350, 1359 (2011). A failure to train claim must allege sufficient facts to show that (1) the municipality adopted inadequate training policy procedures, (2) the inadequate training policy directly caused the plaintiff's injury; and (3) the policymakers

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page **9** of **17**

acted with deliberate indifference. *See Pineda v. City of Houston,* 291 F.3d 325, 332 (5th Cir. 2002); *Speck v. Wiginton,* 606 F.App'x 733, 736 (5th Cir. 2015) *and City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ("we hold today that inadequacy of police training may serve as a basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police comes in contact." ) Plaintiff here does nothing more than allege one incident of alleged negligent acts on part of the Defendant Officers to properly input a license plate. She claims the one incident is tantamount to the City's failure to train or instruct on racial profiling, traffic stop, arrest and detention procedures.

24.)    However, deliberate indifference cannot be inferred merely from a negligent or even grossly negligent response to a substantial risk of harm. *See Thompson v. Upshur County,* 245 F.3d 447, 459 (5th Cir. 2001). "To plausibly plead a practice 'so persistent and widespread as to practically have the force of law,' a plaintiff must do more than describe the incident that gave rise to [her] injury." *See Jackson v. Valdez,* 852 Fed.Appx. 129, 135 (5th Cir. May 18, 2021) *quoting Pena v. City of Rio Grande,* 879 F.3d 613, 622 (5th Cir. 2018). A plaintiff usually must demonstrate a pattern of violations, and that the inadequacy of training is so obvious and obviously likely to result in a constitutional violation. *See Estate of Davis ex rel. McCully v. City of N. Richland Hills,* 406 F.3d 375, 382 (5th Cir. 2005). "Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy as required for municipal section 1983 liability." *See Campbell v. City of San Antonio,* 43 F.3d 973, 977 (5th Cir. 1995). Plaintiff's pleading fails because it only cites to her incident and no other comparable situations.

25.)    To fall within the extremely narrow single-incident exception there must be a government actor who provided no training whatsoever. *See Hutcheson v. Dallas Cnty.,* 994 F.3d 477, 482 (5th Cir. 2021). That is not alleged in this lawsuit.

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page **10** of **17**

26.) Moreover, if a law enforcement entity meets the state standards for training, there can be no liability unless the plaintiff shows that the legal minimum of training was inadequate. *See Gonzales v. Westbrook,* 118 F.Supp.2d 728, 737 (W.D.Tex. 2000) (holding that if a law enforcement entity meets the state standards for training its law enforcement officers, a plaintiff cannot sustain a failure to train under 1983). Plaintiff does not allege SAPD police officers fail to meet the minimum state standards. Thus, the claim for failure to train should be dismissed.

### ***Plaintiff's Conclusory Failure to Supervise, Investigate, or Discipline Allegations Are Not Sufficient To Withstand a 12(B) 6 Challenge Because No Pattern of Similar Incidents Were Identified On the Complaint***

27.) "All failure to act claims, such as Plaintiff's failure to train, supervise, and discipline claims, involve the same basic elements: inadequacy, deliberate indifference, and causation." *See Snow v. City of El Paso,* 501 F.Supp.2d 826, 833 n.5 (W.D. Tex. 2006). In other words, to prevail on a failure-to-supervise claim, Plaintiff must establish that (1) the supervision policies of the municipality were inadequate; (2) the municipality was deliberate indifferent in adopting such policies and (3) the inadequate-supervision policies directly caused the plaintiff's injuries. *See Callaway v. Travis Cty.,* No.A-15-CA-103-SS, 2016 WL 4371943, at *11 (W.D. Tex. July 28, 2016) *citing Baker v. Putnal,* 75 F.3d 190, 200 (5th Cir. 1996). Plaintiff must demonstrate a pattern of similar violations to establish deliberate indifference. *Id.* "[I]t at least must have been obvious that 'the highly predictable consequence of not supervising its officers was that they 'would apply force in such a way that the Fourth Amendment rights of [citizens] were at risk." *See Peterson v. City of Fort Worth,* 588 F.3d 838, 850 (5th Cir. 2009). Plaintiff does not specify any similar situations where there was a failure to supervise leading to a constitutional violation, thus a motion to dismiss is proper.

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page **11** of **17**

28.) "The same elements" for a failure-to-train/supervise claims apply to claims based upon failure-to-discipline theories." *See E.G. v. Bond,* 2017 WL 129019, at *3 (N.D. Tex. Jan. 13, 2017). For a city policy of inadequate officer discipline to support a constitutional claim there must be a showing of deliberate indifference. *See Piotrowski v. City of Hous.,* 237 F.3d 567, 578 and 581-82 (5th Cir. 2001) (holding that without a demonstration of pattern of abuses, it is "nearly impossible to hold a municipality liable for lax disciplinary policy). Plaintiff here alleges she felt the stop was a result of the color of her skin and City failed to effectively discipline the officers. *See* [Dkt.24] Plaintiff's' First Amended Complaint, pg. 5, ¶14 ("I thought I was going to be shot because of the color of my skin, I am a believer") *and* pg. 6, ¶16 ("police officers of the City of San Antonio used excessive force to illegal seize the body of Ms. Hebron, a black female/free citizen of the United States because of her race, in violation of the Fourth Amendment, Fourteenth Amendment and 42 U.S.C. §1982 when it ceased her body in violation of her constitutionally protected right to be free from unlawful seizure of her body.") *and* pg. 10, ¶29(c)-(d) claiming there is a custom and practice of failing to effectively discipline or retain police officers who wrongfully utilized racial profiling as an excuse to use force against Black American's and failing to correct complaints regarding same.

29.) Plaintiff's allegations focusing only on her claim without pleading similar incidents involving the officers in the past do not reflect deliberate indifference on part of the City. *See Spiller,* 130 F.3d at 167 (finding the allegation that "engaging in conduct toward African American citizens without regard to probable cause to arrest" was too vague) *and Jones v. City of Mesquite, Texas,* N. 3:18-CV-0117, 2018 WL 3853714, at *5 (N.D. Tex. Jul. 25, 2018) (holding plaintiffs allegations focused only his treatment by officers was not enough to demonstrate the highly predictable consequence for failure to train claim). Plaintiff's complete failure to identify any prior

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page **12** of **17**

incident of a constitutional deprivation that is similar to her as to constitute a persistent and widespread practice is fatal to his *Monell* claim, therefore the Motion to Dismiss is warranted.

30.)  Similarly, Plaintiff does not provide any factual support for her allegation that the City has a custom and practice of failing to independently and adequately investigate complaints of excessive force, therefore the Motion to Dismiss the City should be granted.

### *The Theory of Respondeat Superior Is Not a Viable Claim for Liability Against The City*

31.)  Count VIII. of Plaintiff's First Amended Complaint asserts a theory of liability not applicable to the City of San Antonio or municipalities at all. *See* [Dkt. 24], Plaintiff's First Amended Complaint, pg. 11-12, ¶32-36. In *Monell v. Department of Social Services,* the Supreme Court held that municipalities may be sued under §1983 but cannot be held liable for acts of their employees under a theory of *respondeat superior. See Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) *and Burns v. City of Galveston,* 905 F.2d 100, 102 (5th Cir. 1990). The conclusion was based on the language of §1983 "subjects [a person] or causes [that person] to be subjected," to a deprivation of federal rights "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *See Bd. of County Com'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Courts have consistently refused to hold municipalities liable under the theory of *respondeat superior. See Oklahoma City v. Tuttle,* 471 U.S. 808, 818, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985); *and Canton v. Harris,* 489 U.S. 378, 392, 109 S.Ct. 1197, 1206, 103 L.Ed.2d 412 (1989). Therefore, we ask this Court to dismiss any claim for *respondeat superior* against the City.

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page **13** of **17**

### *No Waiver of Immunity for Gross Negligence Claim*

32.) Plaintiff's state law claims against the City must be dismissed because governmental immunity shields the City from those claims.[1] The doctrine of governmental immunity prohibits suits against a governmental entity unless there has been a clear and unambiguous constitutional or statutory waiver of immunity. *See Dallas County Mental Health & Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex. 1998) *and Fed. Sign v. Tex. S. Univ.,* 951 S.W.2d 401, 405 (Tex. 1997). Governmental entities are entitled to governmental immunity from tort causes of action except to the extent that governmental immunity is waived by the Texas Tort Claims Act. *See Brown v. City of Houston,* 8 S.W.3d 331, 333-34 (Tex.App.-Waco 1999, pet. denied). The Texas Tort Claims Act, Section 101.021 provides a limited waiver to absolute governmental immunity from tort claims in three areas: use of publicly-owned vehicles, premises defects, and injuries arising from conditions or use of property. *See Brown v. Montgomery Cnty. Hosp. Dist.,* 905 S.W.2d 481, 483 (Tex.App.-Beaumont 1995). The Texas Tort Claims Act's waiver of immunity constitute the "only …avenue for common-law recovery against the government" on a tort theory. *See Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 659 (Tex. 2008).

33.) There is no waiver of governmental immunity for intentional torts committed by government employee, such as assault, battery, or false imprisonment. *See* TEX. CIV. PRAC. & REM. CODE § 101.057; *and Texas Dept. of Criminal Justice-Community Justice Assistance Div. v. Campos,* 384 S.W.3d 810, 814 (Tex. 2012). The City is immune from gross negligence claims,

---

[1] The TTCA applies to all torts regardless whether the TTCA actually waives the governmental employer's immunity from suit. *Franka v. Velasquez,* 332 S.W.3d 367, 371 n.9 (Tex. 2011); *Frick v. Jergins,* 657 S.W.3d 840, 848 (Tex. App.—El Paso 2022, no pet) (citing *Franka* for proposition that "if-it-could-have-been-brought" requirement does not refer to only those tort claims for which TTCA waives immunity).

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page **14** of **17**

therefore the allegations stated in Section VIII. Of Plaintiff's First Amended Complaint should be dismissed.

### *No Facts to Support a Violation of 42 U.S.C. §1982*

34.) Throughout Plaintiff's First Amended Complaint, she alleges her rights under 42 U.S.C. §1982 were violated. *See* [Dkt.24] Plaintiff's' First Amended Complaint, pg. 7, ¶19, pg. 8, ¶21, pg. 9, ¶27, pg. 10, ¶30, pg. 11, ¶33, Section §1982 protects "[A]ll citizens of the of the United States shall have the same right, in every State and Territory as is enjoyed by citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Plaintiff's First Amended Complaint states no facts to support the City deprived her of real or personal property or created some racial disparity in housing, thus the claim should be dismissed.

### *Declaratory Judgment Request Should be Denied*

35.) Plaintiff in her latest Complaint, requests as part of the prayer a declaration that the acts alleged are unconstitutional and violate her statutory, constitutional, and common law rights. *See* [Dkt.24] Plaintiff's' First Amended Complaint, pg. 18, Section Prayer. "The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction…any court of the United States…may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *See Medimmune, Inc. v. Genentech, Inc.,* 5489 U.S. 118, 126, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007). "Basically, the question in each case is whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties have adverse legal interests, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

36.) Plaintiff's First Amended Complaint does not contain facts to support sufficient immediacy to warrant the issuance of a declaratory judgment therefore the request should be dismissed.

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page 15 of 17

## IV.     PRAYER

WHEREFORE PREMISES CONSIDERED, and because Plaintiff Hebron does not state a claim on which relief can be granted, the Court should dismiss the suit, request for declaratory judgment, and grant such further relief to which Defendant City is justly entitled.

Respectfully Submitted,

CITY OF SAN ANTONIO
Office of the City Attorney
Litigation Division
International Center
203 S. St. Mary's St., 2nd Floor
San Antonio, Texas  78205

Mailing Address:
P.O. Box 839966
San Antonio, Texas  78283-3966
Phone:     (210) 207-2108
Fax:         (210) 207-4357
elizabeth.guerrero-southard@sanantonio.gov


/s/ Elizabeth Guerrero-Southard
ELIZABETH GUERRERO-SOUTHARD
Assistant City Attorney
SBN:   24032376
**ATTORNEY FOR DEFENDANT**
**CITY OF SAN ANTONIO**

## CERTIFICATE OF CONFERENCE

As required by Standing Order in Civil Cases Assigned to Judge Jason Pulliam (Doc 6), I certify that I have conferred with Plaintiff's counsel during the Initial Pretrial Conference (IPC) on October 30, 2026, and complied with this Standing Order by informing the Plaintiff of the basis of this motion.

/s/ Elizabeth Guerrero-Southard
ELIZABETH GUERRERO-SOUTHARD

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page **16** of **17**

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following on this the **10th** day of **November 2025**:

Markes E. Kirkwood
LAW OFFICES OF MARKES E. KIRKWOOD P.L.L.C.
2600 McCullough Avenue
San Antonio, Texas 78212
(210) 532-1000; Telephone
(210) 572-7575; Facsimile
Email: kirkwoodmarkes@yahoo.com
**ATTORNEYS FOR PLAINTIFF**

                                          */s/ Elizabeth Guerrero-Southard*
                                          ELIZABETH GUERRERO-SOUTHARD

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss
Page **17** of **17**