IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOI ELISABETH HEBRON** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.: 5:25-CV-00800-JKP-HJB |
| | § | |
| **CITY OF SAN ANTONIO** | § | |
| *Defendant* | § | |
| | § | |

### DEFENDANT CITY OF SAN ANTONIO'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORALBE UNITED STATES DISTRICT COURT JUDGE HENRY J. BEMPORAD:

COMES NOW, City of San Antonio, Defendant (hereinafter referred to as "Defendant City") in the above styled and numbered cause and files this Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss claims asserted against it in Plaintiff's Second Amended Complaint [Dkt. 36] and for cause would respectfully show as follows:

### I.   FACTUAL BACKGROUND

1.)   On or about July 15, 2024, Plaintiff was driving a 2016 Lariat Ford F-150 truck with California license plates out of her Texas apartment residence located at 5810 Worth Parkway, San Antonio, Texas 78257.  *See* [Dkt. 24] Plaintiff's First Amended Complaint, pg. 3, ¶ 7. Plaintiff Hebron passed a stationary City of San Antonio Police cruiser to her left as she passed La Cantera Parkway.  *Id.* pg. 3, ¶ 8.   Initially, Plaintiff did not notice the police cruisers behind her with emergency flashers on when she entered IH-10 freeway.  *Id.* pg. 3, ¶ 8. Plaintiff then noticed three police cruisers with emergency lights.  *Id.* pg. 3, ¶ 10. Plaintiff pulled to the side of the highway.  *Id.* pg. 4, ¶ 11.

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page **1** of **17**

2.) Plaintiff was ordered out of the truck, placed in handcuffs inside a cruiser as SAPD officers verified ownership of the truck. *Id.* pg. 4, ¶ 12-13. Plaintiff responded to a series of questions then released. *Id.* pg. 4-5, ¶ 13-14.

3.) Plaintiff alleges the officers refused to provide her with a reason for stopping her, but then stated her tags came back dirty. *Id.* pg. 4, ¶ 12. Plaintiff asserts the stop caused her emotional and physical trauma because she thought she was going to be shot. *Id.* pg. 5-7, ¶ 15-17.

## II.    PROCEDURAL BACKGROUND

4.) Plaintiff Joi Elisabeth Hebron filed this lawsuit following her brief interactions with SAPD Officers Garcia, Rodriguez and Dech. Plaintiff filed a First Amended Complaint on the same day of her Original Complaint, July 11, 2020. *See* [Dkt. 1 & 2.] After properly conferring regarding complaint deficiencies, Defendant City filed a Motion to Dismiss the original First Amended Complaint. *See* [Dkt. 9]. The undersigned specifically stated there was no properly identified policymaker, policy, custom or practice which led to the alleged constitutional violation, no facts to support deliberate indifference or issues with training program. *Id.* Plaintiff requested a two-week extension to respond which was unopposed and granted by text order. *See* [Dkt. 11] <u>Motion for Extension.</u> In her Response to the Motion to Dismiss, Plaintiff asserted a Second Amended Complaint will cure her pleading failures. *See* [Dkt. 12]. The assertion a Second Amended Complaint (improperly titled) hindered Defendant City the opportunity to properly respond, however a Reply was timely filed. *See* [Dkt. 13].

5.) On October 30, 2025, the Court held an Initial Pretrial Conference to discuss scheduling and the pending Motion to Dismiss and following Text Order. *See* [Dkt. 17]. At the hearing, Plaintiff's counsel requested an opportunity to file an Amended Complaint and serve Defendant officer, Defendant City did not object but informed the Court it would be filing a Motion to Dismiss

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page **2** of **17**

as the Second Amended Complaint did not cure the deficiencies. *Id.* The Court granted the Unopposed Request for Leave to File Plaintiff's First Amended Complaint (improperly titled) and the Complaint was filed. *Id. and* [Dkt. 24]. The Complaint made similar allegations as the First Amended Complaint however added racial profiling as a basis for the allegations. *Id.* The Court dismissed Defendant City's initial Motion to Dismiss as moot and subject to refiling of Amended Complaint. *See* Text Order dated November 4, 2025.

6.) Defendant City timely filed its Second Motion to Dismiss for Failure to State a Claim. *See* [Dkt. 27]. Once again Defendant City requested a dismissal for failure to identify a policy maker, failure to provide a description of a policy or custom that caused the alleged underlying constitutional violation beyond conclusory statements, and failure assert facts to support the required element of deliberate indifference. *Id.* Additionally, Defendant City requested a dismissal for failure to state a claim on improper theories of respondeat superior, gross negligence, violations of 42 U.S.C. §1982, and declaratory judgment. *Id.* Plaintiff again requested an extension to file a Response which was unopposed and granted. *See* [Dkt. 29]. On December 4, 2025, Plaintiff filed its Response in Opposition to Defendant's City's Motion to Dismiss Plaintiff's First Amended Complaint. *See* [Dkt. 30]. Plaintiff admits it improperly asserted gross negligence, claims under 42 U.S.C. §1982, and declaratory judgment. *Id.* Plaintiff also states that if Officer Robert Garcia acted intentional and the City had no notice then it (Defendant City) should be dismissed. *Id.*

7.) Shortly after filing the Response, Plaintiff's counsel informed the undersigned it would be seeking another leave to amend the Complaint. *See* **Exhibit "A" – Email Correspondence dated December 4, 2025.** Defendant City filed a Reply to the Response to the Motion to Dismiss urging the Court to evaluate the various complaint amendments in light of Plaintiff's responsibility to assert claims as soon as she could have done so. *See Price v. Pinnacle Brands, Inc.,* 138 F.3d 602,

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page **3** of **17**

607-08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint). With respect to another request to amend, Defendant City, by and through the undersigned, asked to view the intended pleading and again explained it would file another Motion to Dismiss as the facts and claims remained the same. See **Exhibit "B"- Email Correspondence dated December 16, 2025.**

8.)  On December 16, 2025, Plaintiff filed an Unopposed Motion for Leave to File Plaintiff's Second Amended Complaint (improperly named as it should be the Third Amended Complaint). See [Dkt. 35] Plaintiff's Motion for Leave to File Second Amended Complaint. The Court granted leave and adopted the Second Amended Complaint as the live pleading. This Second Amended Complaint does not add any facts or other claims against the City. In fact, the only changes were to replace references to 42 U.S.C. §1982 to 42 U.S.C. §1983, remove gross negligence claims as to the City, and remove references to declaratory judgment relief. See [Dkt. 36] Plaintiff's Second Amended Complaint, pgs. 7, ¶19; 8, ¶21; 9, ¶27; 10, ¶30; 11, ¶33-36; and Prayer in pg. 16.

9.)  Accordingly, Defendant City reargues and timely files this Motion to Dismiss for Failure to State a Claim. Plaintiff again fails to identify a policymaker, fails to identify a pattern of similar incidents, or inadequacy of its policies or specific issues in a training program which are necessary for a *Monell* claim.

### III.   PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANT CITY

10.)  In her Second Amended Complaint, Plaintiff Hebron alleges she endured excessive use of force because Defendant City failed to adequately train its Officers regarding racial profiling or how to execute a traffic stop, arrest, and detention procedures. See [Dkt. 36] Plaintiff's Second Amended Complaint, pg. 8, ¶22. Plaintiff also alleges the City failed to adequately supervise the

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page **4** of **17**

officers to insure they did not racially profile Plaintiff to avoid violations of her Fourth and Fourteenth Amendments. *Id.*

11.) Plaintiff Hebron asserts the City had a duty under the Fourth and Fourteenth Amendments to "reframe from enforcing or continuing to effect policies and procedure that create a substantial likelihood that Plaintiff when detained would not be subjected to the use of excessive force by Defendant's Officers, through the policies and procedures which created substantial likelihood that she would suffer serious emotional distress from the seizure of her body at gun point that violate her constitutional right pursuant to the Fourth Amendment, Fourteenth Amendment, and 42 U.S.C. §1983, due to racial profiling…" *Id.* pg. 9, ¶27.

12.) Plaintiff claims Defendant Officer's actions were part of an informal or formal policy designed to racially profile Black citizens and create reckless indifference to the Fourth Amendment and Fourteenth Amendment constitutional rights for Plaintiff. *Id.* pg. 9, ¶28. Further in her pleading, Plaintiff Hebron alleges the following Defendant City of San Antonio is guilty of one or more of the following wrongful acts or omission in violation of her Constitutional rights:

(a) Allowed policies and procedures to continue in force and effect which resulted in the use of racial profiling which resulted in the outrageous and excessive force against Plaintiff;

(b) Had a custom and practice of failing to independently and adequately investigate complaints of excessive force based on racial profiling;

(c ) Had a custom and practice of failing to effectively discipline or retain police officers who wrongfully utilized racial profiling as an excuse to use excessive force against Black American's such as Plaintiff or other minorities;

(d) Failed to establish appropriate policies and procedures to address and correct repeated complaints it's Officers use racial profiling against minorities during traffic stops or encounters with Black Americans such as Plaintiff or other minorities; and

(e) Allowed and continuance of it's Officers to engage in racial profiling through its use of force policies and procedures in affect, which filed to protect Black American who had sustained physical and psychological injuries from the reckless indifference of the

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page **5** of **17**

Defendant's agents, servants and employees who use racial profiling as a tool to violate rights of similarly situated black citizens such as Plaintiff.

*See* [Dkt. 36] Plaintiff's' Second Amended Complaint, pg. 10, ¶29(a)-(e).

13.) Plaintiff Hebron alleges she sustained a violation of her rights under the Fourth Amendment, Fourteenth Amendment, and 42 U.S.C. §1983.

14.) Defendant City hereby requests the Court to dismiss claims against it based on failure to state any plausible claim. Plaintiffs' claims of racial profiling, improper polices, inadequate training, supervision, discipline or investigation are nothing more than mere speculation and "section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *See Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433, 443 (1979) *and Campbell v. City of San Antonio,* 43 F.3d 973, 977 (5th Cir. 1995) (stating negligent deprivation of life, liberty, or properly is not a constitutional violation).

### IV.   ARGUMENTS AND AUTHORITIES

*Motion to Dismiss 12(b) 6 Standard*

15.) This Court has authority to dismiss a suit for failure to state a claim when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." *See Ferguson v. Bank of New York Mellon Corp.,* 802 F.3d 777, 780 (5th Cir. 2015) *and Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken…" *See Walker v. Beaumont Indep. Sch. Dist.,* 938 F.3d 724, 735 (5th Cir. 2019).

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page **6** of **17**

16.) Although the factual allegations need not be detailed, they must be "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The Complaint must contain either direct allegations on every material point necessary to sustain recovery…or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. *See Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995). "Factual allegations must be enough to raise a right to relief above the speculative level…"*Id.*

17.) In other words, Plaintiff's allegations "must make relief plausible, not merely conceivable, when taken as true." *See United States ex rel. Grubbs v. Kanneganti,* 565 F.3d 180, 186 (5th Cir. 2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *See Twombly,* 550 U.S. at 555. The requisite facial plausibility of exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court is not required to accept ultimate conclusions that do not flow from the factual description of the case. Conclusory allegations of law and inferences unsupported by facts in the complaint will not defeat a FRCP 12(b)6 motion. *See Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *See Iqbal,* 556 U.S. at 678 *quoting Twombly,* 550 U.S. at 557. Moreover, a dismissal is also proper if the complaint "lacks an allegation regarding a required element necessary to obtain relief. *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Plaintiff here must allege sufficient facts to support a reasonable inference that there was a pattern or misconduct involving similar acts. *See Robles v. Ciarletta,* 797 F.App'x 821, 833 (5th Cir. 2019).

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page **7** of **17**

18.)  For additional reasons explained below, Plaintiff fails to state a claim upon which relief can be granted against Defendant City on her latest Second Amended Complaint.

## *Municipal Liability Under 42 U.S.C. §1983*

19.)  A municipality or other local government may be liable under §1983 if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected to such a deprivation. *See Monnell v. Dept of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). To establish municipal liability under §1983, a Plaintiff must prove three elements: (1) a policymaker; (2) promulgates a policy or custom; (3) that is the moving force behind a constitutional tort. *Id. and City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989) (stating that the first inquiry in any case alleging municipal liability under §1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation**)** *and Colle v. Brazos County,* 981 F.2d 237, 244 (5th Cir. 1993) (holding that only when the execution of a county's policies or its customs deprives an individual of constitutional or federal rights does liability under §1983 attach). The "moving force" inquiry imposes a causation standard higher than "but for" causation. *See Mason v. Lafayette City-Parish Consol. Government,* 806 F.3d 268 at 280 (5th Cir. 2015). Requiring satisfaction of these elements is "necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *See Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001).

## *Plaintiff Fails to Identify a Policy Maker Who Is Charged with Actual or Constructive Knowledge*

20.)  Proof of liability under §1983 requires plaintiff to identify a specific policy maker possessing both policy-making authority and actual or constructive knowledge of an alleged policy, custom, or practice. *See Bennett v. City of Slidell,* 728 F.2d 762, 768 (5th Cir. 1984) In *Bennett,* the

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page **8** of **17**

Court stated actual knowledge may be shown by discussions at council meetings or receipt of written information. *Id.* The Court in *Bennett* also provided the definition for "[C]onstructive knowledge may be attributed to the governing body on the ground that it would have known of the violations if it had properly exercised its responsibilities, as, for example, where the violations were so persistent and widespread that they were the subject of prolonged public discussion or of a high degree of publicity.

21.)   Plaintiff fails to meet her burden because she does not identify a specific policymaker responsible for having actual or constructive knowledge of alleged misconduct of racial profiling. Plaintiff simply states, Defendant City has established polices and procedure for its Police Department regarding the use of force, and seizure of the person's body. *See* <u>Plaintiff's Second Amended Compliant</u>, pg. 9, ¶26-27. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policymaking authority." *See Johnson v. Deep East Tex. Regional Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004); *Burge v. Parrish of Tammany*, 187 F.3d 452, 471 (5th Cir. 1999). Plaintiff's Complaint fails to meet the prong of identifying the policymaker who promulgated or ratified the alleged policies of racial profiling for municipal liability under §1983.

### ***No Constitutional Deprivation Based on City Policy, Custom, or Practice***

22.)   Even if Plaintiff can overcome the required element of identifying a policymaker, Plaintiff has failed to plead facts to show there was an official policy, custom, or practice that was the moving force for violation of his constitutional rights.   Official policy is defined as "a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. *See Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984).  Alternatively, an

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page **9** of **17**

official policy may consist of "persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *See Brown v. Bryan County,* 219 F.3d 450, 457 (5th Cir. 2000). In this suit, Plaintiff claims Defendant is guilty of one or more wrongful acts or omission in violation of her rights:

(a) Allowed policies and procedures to continue in force and effect which resulted in the use of racial profiling which resulted in the of outrageous and excessive force against Plaintiff;

(b) Had a custom and practice of failing to independently and adequately investigate complaints of excessive force based on racial profiling;

(c) Had a custom and practice of failing to effectively discipline or retain police officers who wrongfully utilized racial profiling as an excuse to use excessive force against Black American's such as Plaintiff or other minorities;

(d) Failed to establish appropriate policies and procedures to address and correct repeated complaints it's officers use racial profiling against minorities during traffic stops or encounters with Black Americans such as Plaintiff or other minorities; and

(e) Allowed and continuance it's officers to engage in racial profiling through its use of force policies and procedures in affect, which failed to protect Black American who had sustained physical and psychological injures from the reckless indifference of the Defendant's agents, servants and employees who use racial profiling a tool to violate the rights of similarly situated Black citizens such as Plaintiff.

*See* [Dkt. 36] Plaintiff's' Second Amended Complaint, pg. 10, ¶29 (a)-(e).

23.) Plaintiff also mentions the use of force policy in terms of inadequate supervision and training. *Id.* at pg. 8, ¶22. Specifically, she states Defendant officers clearly displayed that Defendant failed to adequately train its officers regarding racial profiling or how to execute a traffic stop, arrest, and detention procedures or failed to adequately supervise its officers to ensure they did not racially profile. *Id. 24*9.) However, actions of officers or employees of a municipality do not render the municipality liable under section 1983 unless they execute official policy as stated above. *See Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984). To proceed beyond the

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page **10** of **17**

pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation…cannot be conclusory; it must contain specific facts." *See Spiller v. City of Texas City, Police Dept.,* 130 F.3d 162, 167 (5th Cir. 1997). For a municipal custom to be found as the "moving force" behind a constitutional deprivation, there first "must be a direct causal link between the municipal policy [or custom] and the constitutional deprivation." *See Piotrowski,* 237 F.3d at 580. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Plaintiff's claims against Defendant City should be dismissed for failure to state facts to support an allegation of constitutional deprivation by policy, custom, or practice. Plaintiff does not identify a policy that was the moving force of her constitutional rights and only relies on her single encounter with SAPD Officers on July 15, 2024 which is insufficient to establish policy/custom.

24.) Allegations of an isolated incident are not sufficient to show the existence of a custom or policy. *See Fraire v. City of Arlington,* 957 F.2d 1268, 1278 (5th Cir. 1992). "[A] pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct and/or that serious incompetence or misbehavior was general or widespread throughout the police force." *See McClendon v. City of Columbia,* 258 F.3d 432, 441 (5th Cir. 2001) *quoting Languirand v. Hayden,* 717 F.2d 220, 227 (5th Cir. 1983). "A pattern is tantamount to official policy when it is 'so common and well-settled as to constitute a custom that fairly represents municipal policy." *See Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984).

25.) Plaintiff does not allege facts to support a pattern of officers using outrageous or excessive force or racially profiling, she does not allege facts to support a pattern of failing to independently investigate complaints of racial profiling leading to excessive force, or a pattern of failing to effectively discipline police officers who wrongfully racially profile or utilize excessive force or a

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page 11 of 17

pattern of failing to protect detainees who had sustained physical injury from alleged reckless indifference. A pattern requires similarity and specificity, "[p]rior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *See Estate of Davis ex rel. McCully v. City of North Richland Hills,* 406 F.3d 375, 383 (5th Cir. 2005). The Complaint is devoid of any patterns and simply relies on the one incident of July 15, 2024, which is insufficient for *Monell* liability. Accordingly, Plaintiff does not state a claim upon which relief can be granted against the City.

### *Plaintiff's Failure to Train Claim Is Insufficient Because No Pattern of Similar Violations*

26.) "Plaintiff asserts that the actions of Defendant's Officers on July 15, 2024 clearly displays that Defendant failed to adequately train its Officers regarding racial profiling or how to execute a traffic stop, arrest, and detention procedures, as to insure that they did not violate the rights of Plaintiff so that she can be free from the racial profiling and excessive use of the force under the Fourth d Fourteenth Amendments to the Constitution of the United States." *See* [Dkt.24] Plaintiff's' Second Amended Complaint, pg. 8, ¶22. Plaintiff asserts Defendant's failure to adequately train caused her injuries and severe emotional distress. *Id.* at ¶23.

27.) In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to a level of an official policy. *See Connick v. Thompson,* 131 S.Ct. 1350, 1359 (2011). A failure to train claim must allege sufficient facts to show that (1) the municipality adopted inadequate training policy procedures, (2) the inadequate training policy directly caused the plaintiff's injury; and (3) the policymakers acted with deliberate indifference. *See Pineda v. City of Houston,* 291 F.3d 325, 332 (5th Cir. 2002); *Speck v. Wiginton,* 606 F.App'x 733, 736 (5th Cir. 2015) *and City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ("we hold today that inadequacy of police training may

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page **12** of **17**

serve as a basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police comes in contact." ) Plaintiff here does nothing more than allege one incident of alleged negligent acts on part of the Defendant Officers to properly input a license plate. She claims the one incident is tantamount to the City's failure to train or instruct on racial profiling, traffic stop, arrest and detention procedures.

28.) However, deliberate indifference cannot be inferred merely from a negligent or even grossly negligent response to a substantial risk of harm. *See Thompson v. Upshur County,* 245 F.3d 447, 459 (5th Cir. 2001). "To plausibly plead a practice 'so persistent and widespread as to practically have the force of law,' a plaintiff must do more than describe the incident that gave rise to [her] injury." *See Jackson v. Valdez,* 852 Fed.Appx. 129, 135 (5th Cir. May 18, 2021) *quoting Pena v. City of Rio Grande,* 879 F.3d 613, 622 (5th Cir. 2018). A plaintiff usually must demonstrate a pattern of violations, and that the inadequacy of training is so obvious and obviously likely to result in a constitutional violation. *See Estate of Davis ex rel. McCully v. City of N. Richland Hills,* 406 F.3d 375, 382 (5th Cir. 2005). "Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy as required for municipal section 1983 liability." *See Campbell v. City of San Antonio,* 43 F.3d 973, 977 (5th Cir. 1995). Plaintiff's pleading fails because it only cites to her incident and no other comparable situations.

29.) To fall within the extremely narrow single-incident exception there must be a government actor who provided no training whatsoever. *See Hutcheson v. Dallas Cnty.,* 994 F.3d 477, 482 (5th Cir. 2021). That is not alleged in this lawsuit.

30.) Moreover, if a law enforcement entity meets the state standards for training, there can be no liability unless the plaintiff shows that the legal minimum of training was inadequate. *See Gonzales v. Westbrook,* 118 F.Supp.2d 728, 737 (W.D.Tex. 2000) (holding that if a law enforcement entity

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page **13** of **17**

meets the state standards for training its law enforcement officers, a plaintiff cannot sustain a failure to train under 1983).  Plaintiff does not allege SAPD police officers fail to meet the minimum state standards.  Thus, the claim for failure to train should be dismissed.

***Plaintiff's Conclusory Failure to Supervise, Investigate, or Discipline Allegations Are Not Sufficient To Withstand a 12(B) 6 Challenge Because No Pattern of Similar Incidents Were Identified On the Complaint***

31.) "All failure to act claims, such as Plaintiff's failure to train, supervise, and discipline claims, involve the same basic elements: inadequacy, deliberate indifference, and causation." *See Snow v. City of El Paso,* 501 F.Supp.2d 826, 833 n.5 (W.D. Tex. 2006).  In other words, to prevail on a failure-to-supervise claim, Plaintiff must establish that (1) the supervision policies of the municipality were inadequate; (2) the municipality was deliberate indifferent in adopting such policies and (3) the inadequate-supervision policies directly caused the plaintiff's injuries.  *See Callaway v. Travis Cty.,* No.A-15-CA-103-SS, 2016 WL 4371943, at *11 (W.D. Tex. July 28, 2016) *citing Baker v. Putnal,* 75 F.3d 190, 200 (5th Cir. 1996).  Plaintiff must demonstrate a pattern of similar violations to establish deliberate indifference.  *Id.*  "[I]t at least must have been obvious that 'the highly predictable consequence of not supervising its officers was that they 'would apply force in such a way that the Fourth Amendment rights of [citizens] were at risk." *See Peterson v. City of Fort Worth,* 588 F.3d 838, 850 (5th Cir. 2009).  Plaintiff does not specify any similar situations were there was a failure to supervise leading to a constitutional violation, thus a motion to dismiss is proper.

32.) "The same elements" for a failure-to-train/supervise claims apply to claims based upon failure-to-discipline theories." *See E.G. v. Bond,* 2017 WL 129019, at *3 (N.D. Tex. Jan. 13, 2017).  For a city policy of inadequate officer discipline to support a constitutional claim there must be a showing of deliberate indifference.   *See Piotrowski v. City of Hous.,* 237 F.3d 567, 578 and 581-

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page **14** of **17**

82 (5th Cir. 2001) (holding that without a demonstration of pattern of abuses, it is "nearly impossible to hold a municipality liable for lax disciplinary policy). Plaintiff here alleges she felt the stop was a result of the color of her skin and City failed to effectively discipline the officers. *See* [Dkt. 36] Plaintiff's' Second Amended Complaint, pg. 5, ¶14 ("I thought I was going to be shot because of the color of my skin, I am a believer") *and* pg. 6, ¶16 ("police officers of the City of San Antonio used excessive force to illegal seize the body of Ms. Hebron, a black female/free citizen of the United States because of her race, in violation of the Fourth Amendment, Fourteenth Amendment and 42 U.S.C. §1983 when it ceased her body in violation of her constitutionally protected right to be free from unlawful seizure of her body.") *and* pg. 10, ¶29(c)-(d) claiming there is a custom and practice of failing to effectively discipline or retain police officers who wrongfully utilized racial profiling as an excuse to use force against Black American's and failing to correct complaints regarding same.

33.)   Plaintiff's allegations focusing only on her claim without pleading similar incidents involving the officers in the past do not reflect deliberate indifference on part of the City. *See Spiller,* 130 F.3d at 167 (finding the allegation that "engaging in conduct toward African American citizens without regard to probable cause to arrest" was too vague) *and Jones v. City of Mesquite, Texas,* N. 3:18-CV-0117, 2018 WL 3853714, at *5 (N.D. Tex. Jul. 25, 2018) (holding plaintiffs allegations focused only his treatment by officers was not enough to demonstrate the highly predictable consequence for failure to train claim). Plaintiff's complete failure to identify any prior incident of a constitutional deprivation that is similar to her as to constitute a persistent and widespread practice is fatal to his *Monell* claim, therefore the Motion to Dismiss is warranted.

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page **15** of **17**

34.) Similarly, Plaintiff does not provide any factual support for her allegation that the City has a custom and practice of failing to independently and adequately investigate complaints of excessive force, therefore the Motion to Dismiss the City should be granted.

## V.     PRAYER

WHEREFORE PREMISES CONSIDERED, and because Plaintiff Hebron does not state a claim on which relief can be granted, the Court should dismiss the suit, and grant such further relief to which Defendant City is justly entitled.

Respectfully Submitted,

CITY OF SAN ANTONIO
Office of the City Attorney
Litigation Division
International Center
203 S. St. Mary's St., 2nd Floor
San Antonio, Texas  78205

Mailing Address:
P.O. Box 839966
San Antonio, Texas  78283-3966
Phone:     (210) 207-2108
Fax:         (210) 207-4357
elizabeth.guerrero-southard@sanantonio.gov

*/s/ Elizabeth Guerrero-Southard*
ELIZABETH GUERRERO-SOUTHARD
Assistant City Attorney
SBN:  24032376
**ATTORNEY FOR DEFENDANT
CITY OF SAN ANTONIO**

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page **16** of **17**

## CERTIFICATE OF CONFERENCE

As required by Standing Order in Civil Cases Assigned to Judge Jason Pulliam (Doc 6), I certify that I have conferred with Plaintiff's counsel by email on December 16, 2025, and complied with this Standing Order by informing the Plaintiff of the basis of this motion.

*/s/ Elizabeth Guerrero-Southard*
ELIZABETH GUERRERO-SOUTHARD

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following on this the **19TH** day of **December 2025**:

Markes E. Kirkwood
LAW OFFICES OF MARKES E. KIRKWOOD P.L.L.C.
2600 McCullough Avenue
San Antonio, Texas 78212
(210) 532-1000; Telephone
(210) 572-7575; Facsimile
Email: kirkwoodmarkes@yahoo.com
**ATTORNEYS FOR PLAINTIFF**

*/s/ Elizabeth Guerrero-Southard*
ELIZABETH GUERRERO-SOUTHARD

5:25-CV-00800-JKP-HJB Joi Elisabeth Hebron v City of San Antonio
Def City's Motion to Dismiss Plaintiff's 2nd Am Complaint
Page **17** of **17**

**From:** Markes Kirkwood <kirkwoodmarkes@yahoo.com>
**Sent:** Thursday, December 4, 2025 6:54 PM
**To:** Elizabeth Guerrero-Southard (City Attorney) <Elizabeth.Guerrero-Southard@sanantonio.gov>
**Subject:** [EXTERNAL] Hebron v. City of San Antonio

Today I filed Plaintiff's Response in Opposition to Defendant's, City of San Antonio, Motion to Dismiss Plaintiff's First Amended Original Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). In the same I indicated Plaintiff will be refiling her Second Amended Complaint to address this issues listed in paragraphs 41-42 of the same Motion. Do you oppose the refiling of the aforementioned Complaint. Please respond the 3:00 p.m. on December 5, 2025.

"CONFIDENTIALITY NOTICE: This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender below immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited."

**THIS EMAIL IS FROM AN EXTERNAL SENDER OUTSIDE OF THE CITY.**

Be cautious before clicking links or opening attachments from unknown sources. Do not provide personal or confidential information.

**EXHIBIT B**

**From:** Elizabeth Guerrero-Southard (City Attorney) <Elizabeth.Guerrero-Southard@sanantonio.gov>
**Sent:** Tuesday, December 16, 2025 2:45 PM
**To:** Markes Kirkwood <kirkwoodmarkes@yahoo.com>; Mark Kosanovich <mk@fitzkoslaw.com>
**Subject:** Re: [EXTERNAL] Re: Hebron v. City of San Antonio

Mr. Kirkwood:

While, I don't have any objections to the content of this document as much was not changed as to the City, please be advised we will continue to move forward with our Motion to Dismiss and request the court this be the last amendment. The facts do not change. Do you anticipate another amendment? If so, then I will have to object to the number of amendments .

**Elizabeth Guerrero-Southard**
Assistant City Attorney
Office of the City Attorney
203 S. St. Mary's Street
San Antonio, Texas 78205
<u>Mailing Address:</u>
P.O. Box 839966
San Antonio, Texas 78283
Phone: (210) 207-2108
Fax: (210) 207-4357
elizabeth.guerrero-southard@sanantonio.gov

**From:** Markes Kirkwood <kirkwoodmarkes@yahoo.com>
**Sent:** Tuesday, December 16, 2025 2:11 PM
**To:** Mark Kosanovich <mk@fitzkoslaw.com>
**Cc:** Elizabeth Guerrero-Southard (City Attorney) <Elizabeth.Guerrero-Southard@sanantonio.gov>
**Subject:** [EXTERNAL] Re: Hebron v. City of San Antonio

"CONFIDENTIALITY NOTICE: This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender below immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited."

On Tuesday, December 16, 2025 at 01:53:27 PM CST, Mark Kosanovich <mk@fitzkoslaw.com> wrote:

Mr. Kirkwood:
Please forward a draft of your proposed amendment.
Sincerely,
Mark Kosanovich

**EXHIBIT B**

On Tue, Dec 16, 2025 at 8:43 AM Markes Kirkwood <kirkwoodmarkes@yahoo.com> wrote:

> Will be filing motion for leave to file Second Amended Complaint by 12:00 p.m..
> Are there any objections.
>
> "CONFIDENTIALITY NOTICE:  This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged.  If you have received this communication in error, please contact the sender below immediately.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited."

--
Sincerely,
Mark Kosanovich
Fitzpatrick & Kosanovich, P.C.
Telephone - (210) 408-6793
Facsimile - (210) 408-6797
mk@fitzkoslaw.com

**\*\*THIS EMAIL IS FROM AN EXTERNAL SENDER OUTSIDE OF THE CITY.\*\***

Be cautious before clicking links or opening attachments from unknown sources. Do not provide personal or confidential information.