**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**JOI ELISABETH HEBRON,**

   *Plaintiff*,

**v.**                                                                                  **Case No.  SA-25-CV-00800-JKP**

**CITY OF SAN ANTONIO, ROBERT**
**GARCIA (BADGE #0995);**

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant the City of San Antonio's Motion to Dismiss for Failure to State a Claim. *ECF No. 37, 40*. Plaintiff Joi Elizabeth Hebron responded. *ECF No. 39*. Upon consideration, the Motion is **DENIED**.

### Factual Background

At this stage, the Court accepts all well-pleaded facts in the Second Amended Complaint as true. *See Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019); *see also ECF No. 36*. Plaintiff, Joi Hebron alleges this case arises from a traffic stop on July 15, 2024, at 4:33 a.m. Hebron alleges shortly after she began driving out of her apartment complex, she noticed a police car following her. After some time of driving on the freeway, two additional police cars began following her. Upon seeing the emergency lights of the police cars behind her, Hebron pulled over and put on her emergency flashers. Officer Garcia approached Hebron's vehicle with his gun drawn and, at gun point, ordered her to exit the vehicle. Hebron states Garcia was accompanied by other officers, Rodriguez and Dech. Hebron alleges that as she exited her vehicle, she was wearing her

PT uniform, which identified her as an active-duty member of the United States Air Force. Hebron followed all orders of the officers while at gun point before being put in handcuffs and placed in Garcia's duty vehicle.

Hebron alleges that during her detention she asked the officers why they stopped her and were holding her but all refused to provide any reason or justification. After being handcuffed, Officer Rodriguez told Hebron that "her tags came back dirty." Upon being placed in the duty vehicle, Hebron was asked a series of questions regarding her ownership of the vehicle she was driving, if there were any weapons in the vehicle, and if there was anyone else in the vehicle while officers conducted a search.

After some time and discussion between the officers, Rodriguez asked Hebron the proper spelling of her name and how long she owned the vehicle. After further discussion, Officer Rodriguez then opened duty vehicle's door, helped Hebron out, released Hebron from the handcuffs, and allowed her to leave. Hebron alleges she was never provided a proper explanation as to why she was stopped at gun point and detained. *ECF No. 36, pp. 3-6.*

Hebron filed this suit on July 11, 2025, against Officer Garcia and the City of San Antonio. Hebron asserts a cause of action against Officer Garcia and the City of San Antion under 42 U.S.C 1983 for violation of her Fourth Amendment right to be free from use of excessive force. *ECF No. 36, p. 7*. Against the City of San Antonio, only, Hebron asserts causes of action under 42 U.S.C. §1983 for violation of her Fourth and Fourteenth Amendment right to be free from unreasonable seizures based upon racial profiling and failure to adequately train its officers regarding how to execute a traffic stop, arrest, and detention procedures without use of racial profiling. Id. at pp. 9-10. Hebron alleges the City of San Antonio failed to adequately supervise the officers to insure they did not use racial profiling. *Id. at p. 10.*

2

The City of San Antonio now files this Motion to Dismiss pursuant to Federal Rule 12(b)(6) for failure to state any plausible cause of action.

## Legal Standard

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F.Supp.2d 734, 737–38 (S.D.Tex. 1998).

To survive a Federal Rule 12(b)(6) motion, a plaintiff does not need to provide detailed factual allegations but must provide grounds of his entitlement to relief. This pleading requirement necessitates "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). There-

fore, the Court's task is to identify the elements of a cause of action and then determine whether the plaintiff pled sufficient factual allegations in support of the asserted elements to state a plausible claim, and thereby, survive a motion to dismiss. *Cicalese v. Univ. of Tex. Med Branch*, 924 F.3d 762, 766–67 (5th Cir. 2019). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones*, 188 F.3d at 324).

## DISCUSSION

### Substantive Law

Title 42 U.S.C. § 1983 does not grant substantive rights but provides a cause of action for a plaintiff to vindicate deprivation of rights protected by the United States Constitution and other federal laws by a person acting under color of state law. *Albright v. Oliver,* 510 U.S. 266, 271 (1994). A municipality is a "person" within the meaning of § 1983. *Monell v. Department of Social Services,* 436 U.S. 658, 690 (1978). Generally, a municipality is not liable under § 1983 on a respondeat superior theory of liability for any constitutional violation committed by an employee. *Monell,* 436 U.S. at 663 n. 7, 691. However, a municipality may be independently liable un-

der § 1983 if an employee's obeyance of a municipality's custom or policy deprives a plaintiff of his constitutional rights. *Monell,* 436 U.S. at 690–91. Consequently, to survive a Federal Rule 12(b)(6) challenge to a claim of municipal liability for a constitutional violation, a plaintiff must allege: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).

### 1.  Failure to Allege Specific Policymaker

The City of San Antonio contends Hebron's causes of action asserted against it must be dismissed because Hebron failed to plead the specific identity of the city policymaker necessary to impose liability under *Monell*.[1]

In *Groden v. City of Dallas, Tex.*, 826 F.3d 280, 284 (5th Cir. 2016), the Fifth Circuit addressed this specific issue as a matter of first impression: "whether a § 1983 claim against a municipality under *Monell* must allege the specific identity of the policymaker." The *Groden* Court held, "the specific identity of the policymaker is a legal question that need not be pled; the complaint need only allege facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable." *Groden v. City of Dallas, Tex.*, 826 F.3d 280, 284 (5th Cir. 2016). Following established Supreme Court precedent, the *Groden* Court held a plaintiff's complaint need only state "simply, concisely, and directly *events* that, they alleged, entitled them to damages from the city." Upon assertion of the factual basis for their claim, a plaintiff is "required to do no more to stave off threshold dismissal for want of an

---

[1] The City of San Antonio presents all of its arguments for dismissal in general terms without identifying which causes of action the arguments apply to. Some of the arguments presented do not apply to all of the causes of action. In any event, the Court will address the generalized arguments to be general request for dismissal of all asserted causes of action.

adequate statement of their claim." *Groden*, 826 F.3d at 284 (discussing *Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346, 347 (2014)(per curiam)). When a complaint contains sufficient factual allegations, "a court should not grant a motion to dismiss 'for imperfect statement of the legal theory supporting the claim asserted.'" Id. (quoting *Johnson*, 135 S.Ct. at 346).

In forming this holding, the *Groden* Court discussed extensive history of district courts' improper disposition of motions to dismiss on the basis that the complaint must specifically identify the policymaker. *Groden*, 826 F.3d at 283, n. 3. The *Groden* Court stated these courts improperly followed *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) because "[*Piotrowski*] did not require plaintiffs to plead the identity of the policymaker. Instead, it said only that 'municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom.'" *Groden*, 826 F.3d at 283, n.3. Further, in *Piotrowski*, the Fifth Circuit did not examine the adequacy of the pleading but instead examined the sufficiency of the evidence pertaining to the official policymaker following a jury trial. *See Piotrowski*, 237 F.3d at 578-81.

Thus, at this initial stage, Hebron is not required to provide the specific identity of the City of San Antonio's specific policymaker, and any failure to do so at this stage cannot serve as basis for dismissal of the cause of action, as the City of San Antonio contends. *See Groden*, 826 F.3d 280-284. Therefore, the City of San Antonio's first argument fails.

### 2.  Failure to Identify City Policy, Custom, or Practice

The City of San Antonio contends all of Hebron's causes of action should be dismissed because she failed to identify an established city policy and failed to identify specific facts to support a pattern of officers unconstitutional obeyance of an established city policy or custom. *See ECF No. 37, pp. 9-16*.

### a.   Failure to Identify an Established Policy

First, the City of San Antonio contends Hebron's causes of action asserted against it must be dismissed because Hebron failed to "identify a policy that was the moving force of her constitutional rights and only relies on her single encounter with SAPD Officers on July 15, 2024, which is insufficient to establish policy/custom." *Id. at pp. 11-12*.

The City of San Antonio's first generalized argument that Hebron fails to "identify a policy" of the City of San Antonio and "relies only on her single encounter" is not sufficient to support dismissal of all causes of action. The Second Amended Complaint makes clear Hebron does not assert constitutional violation pursuant to an established official policy or regulation. Instead, to support her causes of action, Hebron relies upon an alleged persistent, widespread practice of police officers which is so common and well settled as to constitute a custom that fairly represents municipal policy.

### b.   Failure to Allege Widespread Practice

Next, the City of San Antonio contends Hebron's causes of action asserted against it must be dismissed because Hebron:

> does not allege facts to support a pattern of officers using outrageous or excessive force or racially profiling, she does not allege facts to support a pattern of failing to independently investigate complaints of racial profiling leading to excessive force, or a pattern of failing to effectively discipline police officers who wrongfully racially profile or utilize excessive force or a pattern of failing to protect detainees who had sustained physical injury from alleged reckless indifference.

With regard to this alleged widespread practice, the City of San Antonio contends it is entitled to dismissal because Hebron relies only on her single encounter. *ECF No. pp. 11-12*.

In such cases when a plaintiff relies upon a pattern of conduct to infer municipal liability under Section 1983, to plead a sufficient cause of action, the plaintiff must allege she sustained a deprivation of a constitutional right as a result of a practice or custom of city employees which is

so common and well settled as to constitute a custom that fairly represents municipal policy. Ac-

tual or constructive knowledge of such custom must be attributable to the municipality. *Sanchez*

*v. Gomez*, 283 F.Supp.3d 524, 533 (W.D. Tex. 2017), appeal dismissed sub nom., 2018 WL

1989633 (5th Cir. Feb. 22, 2018). While a municipality's custom or common practice may be

identified based upon single incidents or based upon the incidents giving rise to the action, the

plaintiff must allege more than an isolated incident. *Sanchez*, 283 F.Supp.3d at 536. If based up-

on the conduct giving rise to the action alone, a plaintiff "must do more than describe the inci-

dent that gave rise to [their] injury." *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir.

2018).

In the Second Amended Complaint, Hebron alleges the City of San Antonio wrongfully

violated her Fourth and Fourteenth constitutional rights because it:

> (a) Allowed policies and procedures to continue in force and effect which result-
> ed in the use of racial profiling which resulted in the outrageous and excessive
> force against Plaintiff; (b) Had a custom and practice of failing to inde-
> pendently and adequately investigate complaints of excessive force based on
> racial profiling; (c) Had a custom and practice of failing to effectively disci-
> pline or retain police officers who wrongfully utilized racial profiling as an
> excuse to use excessive force against Black American's such as Plaintiff or
> other minorities; (d) Failed to establish appropriate policies and procedures to
> address and correct repeated complaints it's Officers use racial profiling
> against minorities during traffic stops or encounters with Black Americans
> such as Plaintiff or other minorities; and (e) Allowed and continuance of its
> Officers to engage in racial profiling through its use of force policies and pro-
> cedures in affect, which filed to protect Black American who had sustained
> physical and psychological injuries from the reckless indifference of the De-
> fendant's agents, servants and employees who use racial profiling as a tool to
> violate rights of similarly situated black citizens such as Plaintiff.

*ECF No. 36, p. 10*.

Hebron's contentions, while not a model of clarity, are sufficient at this stage to allege a

cause of action against the City for violation of § 1983 based on the City's purportedly deficient

policies regarding police officers' use of force and unconstitutional racial profiling to institute a

8

traffic stop. The truth of these factual allegations must be assumed at this pleading stage. *See Waller*, 922 F.3d at 599. The Court will presume the parties will rely on discovery to concede, or summary judgment to weed out, any unmeritorious claims. At this stage, however, Hebron's factual allegations are sufficient to provide the City with enough notice to respond to the claims and engage in discovery. While Hebron's factual allegations are scant and not well formed, she satisfied this initial requirement.

Accordingly, the City of San Antonio's motion to dismiss the causes of action asserted against it based upon the initial unconstitutional traffic stop and based upon a failure to train will be denied.

## Conclusion

For the reasons stated, the City of San Antonio's Motion to Dismiss for Failure to State a Claim is **DENIED**. *ECF No. 37*.

It is so ORDERED.
SIGNED this 6th day of April, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE

9